UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 13-00110-JFW (VBKx) | Date | March 12, 2015 |
| Title | Gary Klein v. City of Beverly Hills, et al. | | |

| | |
|---|---|
| Present: The Honorable | Victor B. Kenton, United States Magistrate Judge |

| | | |
|---|---|---|
| Roxanne Horan | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **AMENDED ORDER RE: PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

The Court has read and reviewed the following documents: "Supplemental Joint Stipulation Regarding Plaintiff's Motion to Compel Defendants to Produce Discovery, Plaintiff's Request for Sanctions" and "Notice of Status Update re Supplemental Joint Stipulation Regarding Plaintiff's Motion to Compel Defendants to Produce Discovery."

## DISCUSSION

On October 29, 2014, this Court issued an Order addressing Plaintiff's "Motion to Compel Defendants to Make Initial Disclosures Required by Rule 26(a)(1) and to Provide Further Responses to Plaintiff's Request for Production of Documents Nos. 1-13." (Docket No. 96.) The Court ordered the parties to meet and confer and (1) submit a Stipulation for a Protective Order to the Court, and (2) resolve all or most of the pending discovery disputes. The parties were advised that if they could not resolve these issues then they must comply with Local Rule 37 in the preparation of a Supplemental JS.

On November 10, 2014, the parties met and conferred. At that time, Defendants' counsel agreed to produce the initial disclosures and documents responsive to Requests for Production Nos. 1-11 on December 5, 2014. However, with respect to Requests Nos. 12-13 (regarding the net worth of Defendant Chilson), the parties agreed that this is only relevant if grounds for punitive damages are found but disagreed as to the timing of the production. The parties also agreed to most of the language of the Proposed Stipulation for a Protective Order which it was anticipated would be filed in the near future.

On November 26, 2014, Defendants' counsel requested an extension of the production date to December 17, 2014 due to the volume of documents.

On December 16, 2014, Defendants' counsel updated Plaintiff's counsel explaining that the review process was two-thirds complete and requested another extension to January 17, 2015. At that time, Plaintiff's counsel requested Defendants' counsel to produce copies of all search warrants, all search warrant affidavits and returns, all police or investigative reports and all forensic, toxicology, and medical reports; however,

Defendants' counsel indicated that a significant number of documents were things belonging to third parties that were seized during the execution of several search warrants and would not agree to produce them at that time.

On January 2, 2015, Defendants' counsel provided Plaintiff's counsel with a Proposed Stipulation for a Protective Order. Plaintiff's counsel responded on January 7, 2015 with minor revisions and asked if Defendants' counsel was now going to produce the documents.

On January 12, 2015, the parties met and conferred and Defendants' counsel said she would finalize the Stipulation for a Protective Order "within 24 hours" and the documents would be ready for production on January 17, 2015. (Jeffrey Wilen's Declaration ["Wilen's Decl."], ¶ 8.) Between January 19, 2015 and January 23, 2015, Defendants' counsel was out sick with the flu and notified Plaintiff's counsel of the same. (Anna R. Salusky Declaration ["Salusky Decl."], ¶ 8.)

The Stipulation and Protective Order was filed with the Court on January 28, 2015. (Docket No. 101.) On February 2, 2015, the Court signed the Order. (Docket No. 102.)

On February 4, 2015, the parties met and conferred to schedule a date for Plaintiff's counsel to come to Defendants' counsel's office to inspect and copy the documents. The parties confirmed February 12, 2015 for the production date. (Wilen's Decl., ¶ 12.)

On February 11, 2015, Defendants' counsel emailed a letter to Plaintiff's counsel stating the inspection would not go forward on February 12, 2015. (Wilen's Decl., ¶ 13.) Defendants' counsel took the position the documents could not be produced because some of them had been filed with the Court "under seal pursuant to State Rule of Court 2.551." Plaintiff's counsel attempted to convince Defendants' counsel that Rule 2.551 was irrelevant because Plaintiff was not seeking any records on file with any Court but was seeking records in the possession of Defendants. (Wilen's Decl., ¶ 14.) Defendants' counsel researched and determined that it was appropriate to have the sealing orders lifted on a limited basis to allow compliance with Rule 26 disclosures and to produce records requested in Plaintiff's Request for Production of Documents, Set One. (Salusky Decl., ¶ 11.) Since Defendants' counsel indicated that they were considering appearing ex parte in State Court on February 17, 2015 to obtain relief from the Rule 2.551 sealing order, Plaintiff's counsel waited. (Wilen's Decl., ¶ 15.)

On February 17, 2015, the parties met and conferred and Defendants' counsel confirmed that she did not file an ex parte application to unseal the documents in State Court. (Wilen's Decl., ¶ 16.)

Defendants' counsel attempted to file an ex parte application to appear on Monday, March 2, 2015 in State Court before the Honorable Lisa Hart Cole, one of the five Judges who issued the search warrants, to have the seals lifted for the limited purpose of complying with discovery pursuant to the stipulated Protective Order. (Salusky Decl., ¶ 13.) The Court, however, would not accept the ex parte papers until it determined that it in fact had jurisdiction over the matter. (Id.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 13-00110-JFW (VBKx) | Date | March 12, 2015 |
| Title | Gary Klein v. City of Beverly Hills, et al. | | |

On Monday, March 2, 2015, Defendants' counsel spoke with the Court Clerk who indicated that the Court determined that it did in fact have jurisdiction to hear the matter. The Clerk informed counsel that Honorable Judge Lisa Hart Cole was currently handling two court calendars and was engaged in a trial. The Clerk informed Defendants' counsel that he would obtain the earliest available hearing date and would follow up on March 3, 2015 regarding the selected date; however, as of the time of the drafting of the within Motion, Defendants' counsel had not yet heard back from the Court Clerk. (Salusky Decl., ¶ 13.)

On March 3, 2015, Defendants' counsel spoke to the Deputy District Attorney prosecuting a case against Plaintiff for computer fraud-related crimes. (Salusky Decl., ¶ 14.) A hearing was scheduled for March 9, 2015 at 8:30 a.m. in Division 142 of the Airport Court at which time Plaintiff's criminal defense counsel would be requesting discovery, including the underlying search warrants and supporting affidavits which are in question in this case. Defendants' counsel stated she intended on appearing at the hearing to seek a limited unsealing of the requested search warrants and affidavits if a hearing date is not available sooner in the Honorable Judge Lisa Hart Cole's courtroom. (Salusky Decl., ¶ 14.)

Once the seals are lifted on the search warrants and supporting affidavits to allow compliance with the Rule 26 disclosures and federal discovery obligations in this case, Defendants' counsel intends to produce the requested records as they relate to Requests Nos. 1-11. (Salusky Decl., ¶ 15.)

On March 9, 2015, a hearing was held in the Los Angeles County Superior Court wherein the State Court unsealed the search warrants, pursuant to the Stipulated Protective Order filed in the within lawsuit and ordered that the records be produced by March 20, 2015.

**Requests for Production of Documents Nos. 1-11**:

Since the matter regarding unsealing the search warrants and affidavits was heard before the State Court on March 9, 2015, and the State Court ordered them unsealed and the records produced by March 20, 2015, and Defendants have agreed to provide their Initial Disclosures pursuant to Rule 26(a)(1) and provide documents in response to Requests Nos. 1-11 of the Production of Documents, the Motion to Compel is **HEREBY DEEMED MOOT** as to Requests Nos. 1-11.

**Requests for Production of Documents Nos. 12-13**:

The following Requests relate to Defendant Chilson:

Request for Production of Documents No. 12: "All documents reflecting your net worth as measured by the value of all things you own against the amount of money you owe to a third party."

Request for Production of Documents No. 13: "All documents reflecting your total income including salary, benefits, bonuses and all forms of investment income in 2012."

Defendant objects to Requests for Production of Documents Nos. 12 and 13 on the grounds that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 13-00110-JFW (VBKx) | Date | March 12, 2015 |
| Title | Gary Klein v. City of Beverly Hills, et al. | | |

information is not relevant, violates Defendant's right to financial privacy and seeks financial information before a factual showing of a viable claim for punitive damages.

Plaintiff contends that the information sought by Requests for Production of Documents Nos. 12 and 13 relate to the claim for punitive damages pled in ¶ 43 of the First Amended Complaint, which states as follows: "The aforementioned acts of the Defendants were malicious, oppressive and in reckless disregard of Plaintiff's rights and thereby entitle Plaintiff to punitive or exemplary damages in an amount according to proof." (Docket No. 16 - First Amended Complaint, ¶ 43.) The prayer for relief seeks recovery of punitive damages against the individual Defendants. (First Amended Complaint, p. 19, ¶ 2.) Plaintiff further alleges that Defendants' Motion to Dismiss did not challenge the sufficiency of the punitive damage allegations. (See Docket No. 18.)

Defendant's financial information is within the scope of discovery. Although Defendant objects on relevancy grounds, this Court has determined previously that a defendant's "financial information is relevant" where a plaintiff states a claim for punitive damages. EEOC v. Cal. Psych. Transitions, 258 F.R.D. 391, 394-95 (C.D. Cal. 2009)(citing City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 267 (1981)(observing that evidence of a defendant's financial worth is traditionally admissible under federal law to evaluate the amount of punitive damages that should be awarded); see also Fair Hous. Council of Cent. Cal., Inc. v. Nunez, 2011 WL 5320981 (E.D. Cal. Nov. 3, 2011)("financial information is relevant to [a] plaintiff's claim for punitive damages and within the scope of permissible discovery."))

Although the Ninth Circuit has not established "the parameters of the dissemination of financial information during discovery when punitive damage are alleged," a majority of federal courts do not require the plaintiff to make a prima facie showing that punitive damages may be recovered "to discover information relating to the defendant's financial condition in advance of trial." EEOC v. Cal Psych. Transitions, 258 F.R.D. at 394-95. Because "[t]he discovery of financial information [is] relevant to a punitive damages claim," it is permissible under the Federal Rules of Civil Procedure. Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 286 (C.D. Cal. 1998). Consequently, the information Plaintiff seeks through these discovery requests to determine Defendant's net worth is relevant and within the scope of discovery.

Defendant also objects to the disclosure of his financial information on the grounds of qualified immunity. However, this defense has not been argued before the Court.

To deny discovery of information relevant to Plaintiff's claim for punitive damages and within the scope of permissible discovery would only cause further delay. Defendant is ordered to produce documents responsive to Requests Nos. 12-13 within 21 days of the date of this Minute Order. The information should

//

//

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 13-00110-JFW (VBKx) | Date | March 12, 2015 |
| Title | Gary Klein v. City of Beverly Hills, et al. | | |

be produced subject to the Protective Order that strictly limits its use to counsel and any witnesses and expert witnesses whose review of that information is necessary to their testimony.

**IT IS SO ORDERED**.

cc: District Judge Walter

______ : ______

Initials of Preparer RH